EOD
07/15/2022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **INDEPENDENCE FUEL SYSTEMS, LLC** | § | Case No. 22-60301 |
| 381 Casa Linda Plaza | § | |
| Dallas, TX 75218 | § | |
| | § | |
| Debtor | § | Chapter 11 - **Subch. V** |

## ORDER SETTING EMERGENCY (PRELIMINARY) VIRTUAL HEARING ON DEBTOR'S CASH COLLATERAL

ON THIS DATE the Court considered the request for emergency hearing filed on July 14, 2022, by Independence Fuel Systems, LLC ("Debtor"), the Debtor and Debtor-in-Possession in the above-referenced case, in conjunction with its:

**(1)** Motion for Authority to Use Cash Collateral of Origin Bank
(the "Cash Collateral Motion") **[dkt #3]**

filed on July 14, 2022. The Debtor's Cash Collateral Motion pertains to the apparent cash collateral of Origin Bank.[1] The Court finds that the Request fails to comply with LBR 9007(b) in that it does not contain "an affidavit or an unsworn declaration under penalty of perjury as provided in 28 U.S.C. §1746 by the party or the attorney attesting to the emergency facts" as required by this Court's local rule. This failure is grounds for

---

[1] The source and validity of such lien rights is, of course, subject to possible dispute and the creditor has the duty to establish its interest in property from which its cash collateral rights allegedly arise. 11 U.S.C. §363(p)

-1-

Document      Page 2 of 4

dismissal of the request without further consideration.  However, the Court has reviewed the Cash Collateral Motion and finds that justification exists for the setting of an emergency hearing despite failure to comply with LBR 9007(b).  Debtor's counsel is advised that compliance with the requirements of this Court's rules in future is expected.

However, pursuant to Fed. R. Bankr. P. 4001(b)(2) a final hearing on a motion for authority to use cash collateral may be commenced no earlier than fourteen (14) days after service of such a motion, except that the Court may authorize the use of cash collateral on an interim basis to the extent necessary to avoid an immediate and irreparable harm to the estate pending a final hearing.  **The parties should be prepared to abide by the provisions of Rule 4001(b)(2) with regard to the approval of any provision which properly should be subjected to the full notice period invoked by the Federal Rules of Bankruptcy Procedure**.  Subject to that limitation, the Court finds that sufficient cause has been presented to justify the setting of an emergency (preliminary) hearing on the Cash Collateral Motion.  Accordingly,

**IT IS THEREFORE ORDERED** that the request for emergency hearing is **GRANTED** and that a **preliminary** hearing on the Debtor's Cash Collateral Motion will be conducted **by virtual hearing** on:

**Monday, July 18, 2022 at 8:30 am**

\*\*\*   Join Microsoft Teams Hearing:   https://bit.ly/3aEcLP6   \*\*\*

**IT IS FURTHER ORDERED** that the presentation of proposed exhibits at this virtual hearing by any party-in-interest should be:

(1) tendered in an electronic format,

(2) properly marked by party designation per LBR 7016(d)(2) or (3); and

***(3) separately attached and filed in the Court's docket on or before 5:00 p.m. CDT*** on the day PRIOR to the hearing.

**IT IS FURTHER ORDERED** that the hearing shall be conducted pursuant to the directives regarding the conduct of virtual hearings located on Judge Searcy's webpage on the Court's website, https://www.txeb.uscourts.gov/content/judgesearcy under the *Court Appearances and Hearing Methods* tab. Attorneys are responsible for the virtual appearance of any witness called in its case-in-chief. Any such witness must:

(1) join the hearing as a separate participant from the sponsoring attorney;

(2) using a different camera and microphone than the sponsoring attorney; and

(3) be capable of accessing any exhibit needed for the examination.

**IT IS FURTHER ORDERED** that:

a. the attorneys (if identified) for all involved parties referenced by the Cash Collateral Motion, together with the Subchapter V Trustee and any party who has filed a Notice of Appearance or Creditor Request for Notice, are receiving notice with a link to the virtual hearing within this order;

b. additional parties-in-interest seeking to participate in the virtual hearing may contact the Courtroom Deputy as set forth below:

Ms. Alexa Turman
Phone: (903) 590-3240
or
Email: Alexa_Turman@txeb.uscourts.gov.

**IT IS FURTHER ORDERED** that, unless notice of this Order has been given by the Court by electronic means through its CM-ECF system as indicated on the related Notice of Electronic Filing pertaining to this Order, the Debtor-in-Possession or its counsel shall give notice of these emergency hearings by forwarding a copy of this Order by the most expedient means available, including electronic or facsimile transmission, if possible, to all other parties listed in the certificate of service contained in the Motion, to all parties entitled to notice under the Federal Rules of Bankruptcy Procedure or pursuant to LBR 9013, as well as any other affected party, and the Debtor-in-Possession or its counsel shall evidence such service by the filing of a Certificate of Service with the Court prior to the scheduled hearing.

Signed on 07/15/2022

JD

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE