Joseph J. Wielebinski– SBT #21432400
Annmarie Chiarello – SBT # 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Phone:  (214) 745-5400
Fax:     (214) 745-5390
e-mail: jwielebinski@winstead.com
e-mail: achiarello@winstead.com

**ATTORNEYS FOR ORIGIN BANK**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **INDEPENDENCE FUEL SYSTEMS, LLC,**[1] | § | **Case No. 22-60301** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

### NOTICE OF NON-CONSENT TO USE OF CASH
### COLLATERAL AND SURCHARGE PURSUANT TO SECTION
### 506(c) OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE THAT** that on July 14, 2022 (the "Petition Date"), Independence Fuel Systems, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 sub-chapter V of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), commencing the above-styled bankruptcy case (the "Bankruptcy Case").

**PLEASE TAKE FURTHER NOTICE THAT**, prior to the Petition Date, the Debtor was indebted to Origin Bank ("Origin") under a prepetition credit facility (the "Prepetition Facility").  The Debtor's obligations under the Prepetition Facility (the "Prepetition Facility Obligations") are evidenced by the following loan documents (collectively, the "Prepetition

---

**NOTICE OF NON-CONSENT TO THE DEBTOR'S USE OF CASH COLLATERAL**

Facility Documents"):

1.  That certain Loan Agreement, by and between the Debtor and Origin, dated July 26, 2016;

2.  That certain First Amendment to Loan Agreement, by and between the Debtor and Origin, dated July 25, 2017;

3.  That certain Advance Promissory Note, executed by the Debtor in favor of Origin, dated July 26, 2016, in the original principal amount of $3,500,000.00;

4.  That certain Advance Promissory Note (Second Advance Note), executed by the Debtor in favor of Origin, dated July 25, 2017, in the original principal amount of $1,500,000.00;

5.  That certain Security Agreement executed by the Debtor in favor of Origin, dated effective  July 26, 2016;

6.  That certain Collateral Assignment of Royalty Agreements, executed by the Debtor in favor of defective July 26, 2016;

7.  That certain Collateral Origin, dated Assignment of Leases, executed by the Debtor in favor of Origin, dated defective July 26, 2016;

8.  That certain Restated Collateral Assignment of Royalty Agreements, executed by the Debtor in favor of Origin, dated defective July 25, 2017;

9.  That certain Restated Collateral Assignment of Leases, executed by the Debtor in favor of Origin, dated defective July 25, 2017;

10. That certain UCC-1 Financing Statement, filed on August 10, 2016 with the Texas Secretary of State under Filing Number 16-0026283583; and

11. That certain UCC-1 Financing Statement, filed on September 30, 2021 with the Texas Secretary of State under Filing Number 21-0043072625.

The Prepetition Facility is secured by various instruments, assignments, and certificates, including UCC-1 financing statements, which were (a) filed of record in appropriate jurisdictions; and (b) granted Origin first-priority senior liens and security interests (the "Prepetition Facility Liens") upon and in, among other things, all present and future accounts

---

[1] Independence Fuel Systems, LLC (the "Debtor"), Address: 381 Casa Linda Plaza, Dallas, TX 75218, EIN: XX-XXX5507.

NOTICE OF NON-CONSENT TO THE DEBTOR'S USE OF CASH COLLATERAL

chattel paper (whether electronic or tangible), documents, instruments, deposit accounts, securities accounts, commodity accounts, general intangibles, payment intangibles; (including any right to payment for goods sold or services rendered arising out of the sale or delivery of personal property or work done or labor performed by the Debtor), software, letter of credit rights, investment property, intellectual property, health-care insurance receivables and other rights to payment of every kind,  including all securities, guaranties, warranties, indemnity agreements, insurance policies, and other agreements pertaining to same or the property described therein, now or hereafter owned, held, or acquired by the Debtor, and in any case where an account arises from the sale of goods, the interest of the Debtor in such good, all present and hereafter acquired inventory (including without limitations, all raw materials, work in process, and finished goods) held, possessed, owned, held on consignment, or held for sale, lease, return or to be furnished under contracts of services,  in whole or in part, by the Debtor wherever located, all equipment and fixtures of whatsoever kind and character now or hereafter possessed, held, acquired, leased or owned by the Debtor and used or usable in the Debtor's business, together with all replacements, accessories, additions, substitutions, and accessions to all of the foregoing, as further described by the Prepetition Facility Documents (the "Prepetition Facility Collateral").  By virtue of the Prepetition Facility Documents, Origin asserts a lien on the Debtor's prepetition accounts, general intangibles, accounts receivable and all proceeds thereof (collectively, the "Accounts"), which constitute cash collateral pursuant to Section 363(a) of the Bankruptcy Code. The Debtor's Accounts and the proceeds from the Debtor's Accounts constitute cash collateral (the "Cash Collateral") pursuant to Section 363(a) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT**, Origin does not consent to the Debtor's

use of the Cash Collateral.  Under 11 U.S.C. § 363(c)(2), the Debtor is "absolutely prohibited" from using cash collateral unless it obtains the consent of the affected secured creditor(s) or authorization from the Bankruptcy Court.[2]  Origin reserves all rights under the Bankruptcy Code, the Bankruptcy Rules, the Prepetition Facility Documents, and other applicable law.

**PLEASE TAKE FURTHER NOTICE THAT**, Origin does not consent and prospectively objects to any charge or other attempt to recover any asserted costs or expenses under Section 506(c) of the Bankruptcy Code against or from the Prepetition Facility Collateral. Origin does not consent to any attempt to impose charges on the Prepetition Facility Collateral or the Cash Collateral pursuant to Section 506(c) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE THAT**, subject to modification of the automatic stay under Section 362 of the Bankruptcy Code, Origin is ready, willing, and able to (a) take control of the Prepetition Facility Collateral and the Cash Collateral; and (b) liquidate or dispose of such in compliance with applicable law.  Origin is fully capable of liquidating the Prepetition Collateral without the involvement or assistance of the Debtor or any other party in interest.  In the alternative, Origin is ready, willing, and able to take control of its collateral pursuant to the terms of a plan of reorganization.

**DATED: July 15, 2022.**

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)

---

[2] *See In re Four Seasons Marine and Cycle, Inc.*, 263 B.R. 764, 768 (Bankr. E.D. Tex. 2001).

By:  */s/ Annmarie Chiarello*
Joseph J. Wielebinski– SBT #21432400
e-mail: jwielebinski@winstead.com
Annmarie Chiarello – SBT # 24097496
e-mail: achiarello@winstead.com

**ATTORNEYS FOR ORIGIN BANK**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2022, a true and correct copy of the foregoing Notice will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.


*/s/ Annmarie Chiarello*
One of Counsel

---

**NOTICE OF NON-CONSENT TO THE DEBTOR'S USE OF CASH COLLATERAL**