**Origin Bank**

500 Throckmorton Street, Suite 350
Fort Worth, Texas 76102

July 25, 2017

INDEPENDENCE FUEL SYSTEMS LLC
Attention: R. Kevin Russell, Chief Executive Officer
515 N. Fredonia Street
Longview, Texas 75601

    Re: *First Amendment to Loan Agreement*

Ladies and Gentlemen:

    This letter (this "Amendment") amends the Loan Agreement dated July 26, 2016, between INDEPENDENCE FUEL SYSTEMS LLC ("Borrower"), a Texas limited liability company, and ORIGIN BANK ("Lender"), a Louisiana state banking association, as hereafter amended, restated, replaced, supplemented, or otherwise modified, from time to time (collectively the "Loan Agreement"). Capitalized terms below have the meanings assigned in the Loan Agreement.

    1.    Second Advance Loan. (a) Borrower has requested that Lender make a second advance loan, and Lender has agreed on the terms set forth in this Amendment. Subsections (b), (c), and (d) of Section 1 of the Loan Agreement are amended to read as follows and a new Subsection (e) is added as follows:

        "(b)    Subject to the terms and conditions set forth in the Loan Agreement and the Loan Documents, Lender agrees to make a multiple-advance term loan in the maximum principal amount of $1,500,000.00 to Borrower (the "Second Advance Loan") on the terms set forth in the Advance Promissory Note attached as Exhibit D to this Amendment (the "Second Advance Note"), for the purposes set forth below. Subject to the terms and conditions of the Loan Agreement, Borrower may request multiple advances on the Second Advance Loan from time to time during the period commencing on the date of this Amendment and continuing through 11:00 a.m. (Fort Worth, Texas time) on July 25, 2018 (the "Second Termination Date") in an aggregate principal amount not to exceed $1,500,000.00. The Second Advance Loan is not a revolving line of credit. On or before the Second Termination Date, Borrower shall have received a grant from the Texas Commission on Environmental Quality in an

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 2 of 8

amount not less than $600,000.00 related to the Dallas Property (as defined below), and Borrower shall have paid the grant to Lender to be applied to reduce the principal balance of the Second Advance Loan. After the Second Termination Date, principal shall be payable in equal monthly installments in an amount sufficient to amortize the principal balance on the Termination Date over a ten-year period, plus all accrued, unpaid interest. All sums advanced under the Second Advance Loan, together with all accrued but unpaid interest thereon, shall be due and payable in full on July 25, 2022 (the "Second Maturity Date").

(c)    The unpaid principal balance of the Advance Note shall bear interest from the date advanced until paid or until Event of Default (as defined below) or the Maturity Date at a fluctuating rate equal to the sum of the Prime Rate (as defined in the Advance Note), plus two percent (2.00%). The unpaid principal balance of the Second Advance Note shall bear interest from the date advanced until paid or until Event of Default or the Second Maturity Date at a fluctuating rate equal to the sum of the Prime Rate (as defined in the Second Advance Note), plus two percent (2.00%).

(d)    Advances on the Advance Loan may be used only for the following purposes: (i) to refinance existing debt owed by Borrower to Austin Bank, Texas N.A., (ii) to pay accounts payable owed by Borrower, and (iii) for capital expenditures and working capital related to the new fueling station in Laredo, Webb County, Texas. Advances on the Second Advance Loan may be used only for capital expenditures and working capital related to the new fueling station in Dallas, Dallas County, Texas. Borrower shall give notice to Lender of any requested advance on the Advance Loan or the Second Advance Loan, in the form of the Request for Borrowing attached as Exhibit B to the Loan Agreement or Exhibit E to this Amendment, respectively, not later than 10:00 a.m. (Fort Worth, Texas time) on the date of the requested advance. The request for an advance may be given telephonically if promptly confirmed in writing by delivery of Request for Borrowing. Notwithstanding any provision of the Loan Agreement or the Loan Documents to the contrary, none of the proceeds of the Advance Loan or the Second Advance Loan will be used, directly or indirectly, for the purpose, whether immediate, incidental, or ultimate, of purchasing or carrying any "margin stock" as defined in Regulation U of the Board of Governors of the Federal Reserve System as in effect from time to time.

(e)    The Advance Loan, the Second Advance Loan, all other loans now or hereafter made by Lender to Borrower, and any renewals or extensions of or substitutions for those loans, will be referred to collectively as the "Loans." The Advance Note, the Second Advance Note, all other promissory notes now or hereafter payable by

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 3 of 8

Borrower to Lender, and any renewals or extensions of or substitutions for those notes, will be referred to collectively as the "Notes.""

2.  <u>Collateral</u>.  The first sentence of Subsection (a) of Section 2 of the Loan Agreement is hereby amended to read as follows:

"Payment of the Notes, all other obligations, fees, and expenses due pursuant to the Loan Agreement or the other Loan Documents, all obligations, fees, and expenses with respect to treasury and cash management services, and all other secured indebtedness under the following security documents (collectively the "<u>Secured Obligations</u>") will be secured by the first liens and first security interests created or described in the following (collectively the "<u>Security Documents</u>"): (i) a Security Agreement (the "<u>Security Agreement</u>") dated July 26, 2016, executed by Borrower in favor of Lender, and covering all accounts, inventory, furniture, fixtures, equipment, general intangible, and substantially all other personal property (the "<u>Collateral</u>"); (ii) a Restated Collateral Assignment of Leases (the "<u>Restated Assignment of Leases</u>") of even date with this Amendment, executed by Borrower in favor of Lender, and covering the following real estate leases (collectively the "<u>Real Estate Leases</u>"):

(1) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated May 1, 2016, between Riata Minerals, Ltd. and Borrower, covering 2.75 acres situated in Laredo, Webb County, Texas ("<u>Laredo Property</u>");

(2) Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated June 21, 2012, between Borrower and Eastern Fuel LLC, covering the property located at 3302 S. Eastman Road, and 131 Pittman Street, Longview, Gregg County, Texas ("<u>Longview-Pittman (Eastman) Property</u>");

(3) Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated June 21, 2012, between Borrower and Eastern Fuel LLC, covering property situated at 1086 US Highway 59 S., Carthage, Panola County, Texas ("<u>Carthage Property</u>"), as amended by the First Amendment to the Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated effective July 1, 2015;

(4) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated December 1, 2013, between Christina S. Lacey and

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 4 of 8

Borrower, covering 2 acres located at 350 W. Frontage Road, Centerville, Leon County, Texas ("Centerville Property");

(5) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated February 1, 2014, between Shoco Development LP and Borrower, covering property located at 998 Mobile Drive, Longview, Gregg County, Texas ("Longview-Mobile Property"); and

(6) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated June 19, 2017, covering property located at 8181 S. Lancaster Road, Dallas, Dallas County, Texas ("Dallas Property");

(iii) a Restated Collateral Assignment of Royalties (the "Restated Assignment of Royalties") of even date with this Amendment, executed by Borrower in favor of Lender, and covering all of Borrower's rights and royalties under the following agreements (collectively the "Royalty Agreements"):

(1) Compressed Natural Gas Dispensing Royalty Agreement dated July 8, 2016, between Borrower and U.S. Venture, Inc. (Laredo Property);

(2) Compressed Natural Gas Dispensing Royalty Agreement dated July 8, 2016, between Borrower and U.S. Venture, Inc. (Longview-Pittman (Eastman) Property);

(3) Compressed Natural Gas Dispensing Royalty Agreement dated May 26, 2015, between Borrower and U.S. Venture, Inc., as amended by the Amendment No. 1 to the Compressed Natural Gas Dispensing Royalty Agreement dated July 7, 2016 (Carthage Property);

(4) Compressed Natural Gas Dispensing Royalty Agreement dated May 26, 2015, between Borrower and U.S. Venture, Inc., as amended by the Amendment No. 1 to the Compressed Natural Gas Dispensing Royalty Agreement dated July 7, 2016 (Centerville Property); and

(5) Compressed Natural Gas Dispensing Royalty Agreement dated July 11, 2017, between Borrower and U.S. Venture, Inc. (Dallas Property).

(iv) a Pledge and Security Agreement (the "Pledge Agreement") dated July 26, 2016, executed by STEPHEN W. ROBINSON and JEANNE ROBINSON ("Pledgors") in favor of

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 5 of 8

Lender, and covering 4,303,007 shares of VACCINOGEN, INC. (OTC) common stock (the "Pledged Shares"); (v) an Assignment of Deposit Account (the "Assignment of Deposits") dated July 26, 2016, executed by Borrower in favor of Lender, and covering a certificate of deposit maintained at Lender with a minimum amount of $500,000.00; and (vi) any other security documents now or hereafter executed in connection with the Loans."

3. <u>Conditions Precedent</u>. The obligation of Lender to enter into this Amendment and make the initial advance on the Second Advance Loan is subject to Borrower's satisfaction, in Lender's sole discretion, of the following conditions precedent:

(a) Borrower shall be in compliance in all material respects with the conditions set forth in Subsection (a) of Section 4 of the Loan Agreement as of the date of this Amendment, and all representations and warranties set forth in Section 5 of the Loan Agreement must be true in all material respects as of the date of this Amendment.

(b) the negotiation, execution, and delivery of Loan Documents in Proper Form, including, but not limited to, the following:

(i) this Amendment;
(ii) the Second Advance Note;
(iii) a Ratification of the Guaranties;
(iv) the Restated Assignment of Leases and the Restated Assignment of Royalties; and
(v) a Borrowing Resolution.

(c) a Material Adverse Change shall not have occurred.

(d) Borrower's delivery of a written consent in Proper Form signed by the holders of 80% of Borrower's membership interest consenting to the Second Advance Loan.

(e) Borrower's delivery of a signed copy of Real Estate Lease for the Dallas Property, as amended.

(f) Borrower's delivery of a signed copy of the Royalty Agreement for the Dallas Property, as amended.

(g) [*Control agreements or stock certificates for the Pledged Shares.*]

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 6 of 8

    4.    <u>Confirmations</u>. (a) As security for the Notes, Borrower previously executed the Security Documents. Borrower ratifies and confirms the Security Documents, acknowledges that they are valid, subsisting, and binding, and agrees that the Security Documents secure payment of the Notes (including the Second Advance Note), the Loans (including the Second Advance Loan), and all other Secured Obligations.

    (b)    Borrower hereby represents to Lender that all representations and warranties set forth in Section 5 of the Loan Agreement are true and correct in all material respects as of the date of execution of this Amendment; and that Borrower is in compliance in all material respects as of the date of execution of this Amendment with all covenants set forth in Section 7 of the Loan Agreement and all reporting requirements set forth in Section 9 of the Loan Agreement.

    5.    <u>Validity and Defaults</u>. The Loan Agreement, as amended, remains in full force and effect. Borrower acknowledges that the Loan Agreement, the Notes, the Security Documents, and the other Loan Documents are valid, subsisting, and binding upon Borrower; no uncured breaches or defaults exist under the Loan Agreement, as amended; and no event has occurred or circumstance exists which, with the passing of time or giving of notice, will constitute a default or breach under the Loan Agreement, as amended. Borrower ratifies the Loan Agreement, as amended.

    6.    <u>Counterparts</u>. This Amendment and the related Loan Documents may be executed in counterparts, and Lender is authorized to attach the signature pages from the counterparts to copies for Lender and Borrower and filing counterparts. At Lender's option, this Amendment and the related Loan Documents may also be executed by Borrower and Guarantors in remote locations with signature pages faxed or scanned and e-mailed to Lender. Borrower agrees that the faxed and scanned signatures are binding upon Borrower and Guarantors, and Borrower further agree to promptly deliver the original signatures for this Amendment and the related Loan Documents by overnight mail or expedited delivery. It will be an Event of Default if Borrower or Guarantors fail to promptly deliver all required original signatures.

    7.    <u>Captions</u>. Captions are for convenience only and should not be used in interpreting this Amendment.

    8.    <u>Final Agreement</u>. (a) In connection with the Loans, Borrower and Lender have executed and delivered this Amendment, the Loan Agreement, and the Loan Documents (collectively the "<u>Written Loan Agreement</u>").

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 7 of 8

   (b) It is the intention of Borrower and Lender that this paragraph be incorporated by reference into each of the Loan Documents. Borrower and Lender each warrant and represent that their entire agreement with respect to the Loans is contained within the Written Loan Agreement, and that no agreements or promises have been made by, or exist by or between Borrower and Lender that are not reflected in the Written Loan Agreement.

   (c) THE LOAN AGREEMENT, AS AMENDED, REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

  If the foregoing correctly sets forth your understanding of our agreement, please sign and return one copy of this Amendment.

        Yours very truly,

        ORIGIN BANK

        By: *Curtis Hamilton* (signature)
        Curtis Hamilton,
        Commercial Banking Manager/
        Senior Vice President

564958.4 [July 25, 2017]

INDEPENDENCE FUEL SYSTEMS LLC
July 25, 2017
Page 8 of 8

Agreed on this 25 day of July, 2017:

BORROWER:

INDEPENDENCE FUEL SYSTEMS LLC

By: _____
R. Kevin Russell,
Chief Executive Officer


Exhibits and Schedules:
Exhibit D - Second Advance Note
Exhibit E - Request for Borrowing (Second Advance Loan)

564958.4 [July 25, 2017]

564958.4 [July 25, 2017]