Origin Bank

### ADVANCE PROMISSORY NOTE
(Second Advance Note)

$1,500,000.00                    Fort Worth, Texas                    July 25, 2017

Promise to Pay. For value received, INDEPENDENCE FUEL SYSTEMS LLC ("Borrower"), a Texas limited liability company, promises to pay to the order of ORIGIN BANK ("Lender"), at its offices in Tarrant County, Texas, at 500 Throckmorton Street, Suite 350, Fort Worth, Texas 76102, the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) ("Maximum Commitment"), in legal and lawful money of the United States of America, together with interest thereon from this date until maturity at a fluctuating rate per annum equal to the lesser of (a) the sum of the Prime Rate in effect from day to day, plus two percent (2.0%)(the "Contract Rate"); or (b) the Maximum Rate. "Prime Rate" shall mean *The Wall Street Journal* as the "prime rate" on corporate loans for large U.S. commercial banks, as published in the Money Rates section of *The Wall Street Journal*, computed on the basis of a year of 360 days and for the actual number of days elapsed (including the first day but excluding the last day); and "Maximum Rate" shall mean at the particular time in question the maximum rate of interest which, under applicable law, may then be charged on this Second Advance Note.

Payment Terms. This Second Advance Note is due and payable on the terms set out below:

    (a)    interest only shall be due and payable monthly as it accrues, commencing on the 25th day of August, 2017, and continuing on the 25th day of each successive month thereafter through the Second Termination Date (as defined in the Loan Agreement); and

    (b)    the principal of and interest on this Second Advance Note shall be due and payable in equal monthly installments sufficient to amortize the outstanding principal balance of this Second Advance Note on the Second Termination Date over an amortization period of ten (10) years (the "Amortization Period") at the then-applicable Contract Rate, commencing on the 25th day of August, 2018, and continuing on the 25th day of each successive month thereafter; and

    (c)    The monthly installment will adjust annually, and Lender may recalculate the monthly installment amount effective on the 25th day of July of each year, to an amount sufficient to amortize the remaining balance over the remaining Amortization Period at the then-current interest rate.

    (d)    the outstanding principal balance of this Second Advance Note, together with all accrued but unpaid interest, shall be due and payable on the Maturity Date. Unless its maturity is sooner accelerated as set forth herein, this Second Advance Note will mature on July 25, 2022

571808.1[July 25, 2017]        Advance Promissory Note - Page 1 of 5

(the "Maturity Date"), at which time all unpaid sums then owing will be payable in full, principal and interest.

This Second Advance Note may be prepaid in whole or in part at any time without premium or penalty.

Security. Payment hereof is secured by the following (collectively the "Loan Documents"): (1) obligations under a Loan Agreement dated July 26, 2016, executed by Borrower and Lender, as now or hereafter amended, restated, replaced, supplemented, or otherwise modified, from time to time (the "Loan Agreement"); and (2) all Security Documents (as defined in the Loan Agreement).

Payments. Unless otherwise agreed to in writing or otherwise required by applicable law, payments will be applied first to unpaid accrued interest, then to principal, and any remaining amount to any unpaid collection costs, delinquency charges, and other charges; provided, however, upon delinquency or other Event of Default, Lender reserves the right to apply payments among principal, interest, delinquency charges, collection costs, and other charges, in such order and manner as the holder of this Second Advance Note may from time to time determine in its sole discretion. All payments and prepayments of principal of or interest on this Second Advance Note shall be made in lawful money of the United States of America in immediately available funds, at the address of Lender indicated above, or such other place as the holder of this Second Advance Note shall designate in writing to Borrower. If any payment of principal of or interest on this Second Advance Note shall become due on a day which is not a Business Day (as defined below), such payment shall be made on the next succeeding Business Day and any such extension of time shall be included in computing interest in connection with such payment. As used herein, the term "Business Day" shall mean any day other than a Saturday, Sunday, or any other day on which national banking associations are authorized to be closed. The books and records of Lender shall be prima facie evidence of all outstanding principal of and accrued and unpaid interest on this Second Advance Note.

Advances. Borrower may request advances from Lender in accordance with the Loan Agreement, provided that the aggregate principal amount advanced under this Second Advance Note shall not exceed the Maximum Commitment.

Interest on Past Due Amounts and Default Interest. To the extent any interest is not paid on or before the date it becomes due and payable, Lender may, at its option, add such accrued but unpaid interest to the principal of this Second Advance Note. Notwithstanding anything herein to the contrary, (i) while any Event of Default (as defined below) is outstanding, (ii) upon acceleration of the maturity hereof following an uncured Event of Default, or (iii) at the Maturity Date, all principal of this Second Advance Note shall, at the option of Lender, bear interest at the Maximum Rate until paid.

Late Charge. At the option of Lender, Borrower will pay Lender, on demand, (i) a "late charge" equal to five percent (5%) of the amount of any installment on this Second Advance Note when such installment is not paid within fifteen (15) days following the date such installment is due, and (ii) a processing fee in the amount of $38.00 for each check which is provided to Lender by Borrower in payment for an obligation owing to Lender under any Loan Document but is returned or dishonored for any reason, in order to cover the additional expenses involved in handling delinquent and returned or dishonored payments.

Events of Default. The occurrence at any time of any of the following events or the existence of any of the following conditions shall collectively be called "Events of Default" or singly called an "Event of Default":

(a) Failure to make punctual payment when due of any sums owing on this Second Advance Note; or

(b) Any "Event of Default" under the Loan Agreement, the Events of Default defined in the Loan Agreement being cumulative to those contained in this Second Advance Note.

Remedies. Upon an Event of Default, and Borrower's failure to timely cure such default following any notice, cure, or grace period required by the Loan Agreement, at the option of Lender the entire indebtedness evidenced hereby, as well as all other liabilities of Borrower to Lender, shall be matured without further notice, and Lender may exercise any or all of the rights and remedies available to it, including, without limitation, those under this Second Advance Note, the Loan Documents, and any other instrument or agreement relating hereto, or any one or more of them. The failure of Lender to exercise its option to accelerate the maturity of this Second Advance Note shall not constitute a waiver of its right to exercise the same at any other time. Any Event of Default under this Second Advance Note shall constitute a default under each of the Loan Documents, and any default under any of the Loan Documents shall constitute an Event of Default under this Second Advance Note.

Waiver. Except such notice of default as is specifically required by the Loan Agreement, Borrower and all other Obligated Parties severally waive the order of their liability, the marshaling of assets, demand, presentment for payment, notice of dishonor, protest and notice of protest, notice of default, notice of intent to accelerate maturity, and notice of the acceleration. Borrower and all other Obligated Parties agree to all renewals and extensions of this Second Advance Note and partial payments and releases or substitutions of security, in whole or in part, with or without notice, before or after maturity. In case of any renewal or extension of this Second Advance Note or any part of the indebtedness evidenced hereby, all liens and security interests securing payment hereof will continue to secure payment of the renewal or extension note or notes.

Business Loan. Borrower represents to and covenants with Lender that: (1) all loans evidenced by this Second Advance Note are and shall be "business loans" as that term is used in the Depository Institutions Deregulation and Monetary Control Act of 1980, as amended; and (2) the loans are for business, commercial, investment, or other similar purposes and not for personal, family, household, or agricultural use, as those terms are used in the Texas Finance Code. Borrower and Lender further agree that Chapter 346 of the Texas Finance Code does not apply to this Second Advance Note, even if this Second Advance Note evidences a revolving debt.

Collection Costs. If this Second Advance Note is placed in the hands of attorneys for collection, if suit is filed hereon, if this Second Advance Note is collected through bankruptcy proceedings (including any proceeding, federal or state, for the relief of debtors), or if Lender becomes a party either as plaintiff or defendant in any legal proceeding in relation to the property securing payment of this Second Advance Note, Borrower agrees to pay additionally to Lender reasonable attorneys fees and collection costs.

Savings Clause. Regardless of any provision contained in this Second Advance Note, the Loan Documents, or any instrument executed or delivered in connection herewith, it is the express intent of the parties that at no time shall any of the Obligated Parties pay interest in excess of the Maximum Rate (or

571808.1[July 25, 2017]        Advance Promissory Note - Page 3 of 5

any other interest amount which might in any way be deemed usurious), and Lender will never be considered to have contracted for or to be entitled to charge, receive, collect, or apply as interest on this Second Advance Note, any amount in excess of the Maximum Rate (or any other interest amount which might in any way be deemed usurious), and, in the event that Lender ever receives, collects, or applies as interest any such excess, the amount which would be excessive interest will be applied to the reduction of the principal balance of this Second Advance Note, and, if the principal balance of this Second Advance Note is paid in full, any remaining excess shall forthwith be paid to Borrower. In determining whether the interest paid or payable exceeds the Maximum Rate (or any other interest amount which might in any way be deemed usurious), Borrower and Lender shall, to the maximum extent permitted under applicable law: (1) characterize any non-principal payment (other than payments which are expressly designated as interest payments hereunder) as an expense or fee rather than as interest; (2) exclude voluntary prepayments and the effect thereof; and (3) spread the total amount of interest throughout the entire contemplated term of this Second Advance Note so that the interest rate is uniform throughout the term.

Miscellaneous. EXCEPT TO THE EXTENT THAT THE LAWS OF THE UNITED STATES MAY APPLY, THIS SECOND ADVANCE NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS. THIS INSTRUMENT IS MADE AND IS PERFORMABLE IN FORT WORTH, TARRANT COUNTY, TEXAS, AND IN THE EVENT OF A DISPUTE INVOLVING THIS SECOND ADVANCE NOTE OR ANY OTHER INSTRUMENT EXECUTED IN CONNECTION HEREWITH, BORROWER IRREVOCABLY AGREES THAT VENUE FOR SUCH DISPUTES SHALL BE IN ANY COURT OF COMPETENT JURISDICTION IN TARRANT COUNTY, TEXAS.

Time is of the essence of this Second Advance Note.

This Second Advance Note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, or discharge is sought.

This Second Advance Note and all the covenants, promises, and agreements contained herein are binding upon and inure to the benefit of Borrower and Lender and their respective heirs, personal representatives, successors, and assigns.

Section headings or captions are for convenience only and are not to be used in interpreting the provisions of this Second Advance Note.

Notice of Final Agreement. (a) In connection with this Second Advance Note, Borrower and Lender have executed and delivered the Loan Agreement, the Deed of Trust, and the other Loan Documents (collectively the "Written Loan Agreement").

(b)     It is the intention of Borrower and Lender that this section be incorporated into each of the documents comprising the Written Loan Agreement. Borrower warrants and represents to Lender that their entire agreement with respect to the loan represented by this Second Advance Note is contained within the Written Loan Agreement, and that no agreements or promises have been made by, or exist between, Borrower and Lender that are not reflected in the Written Loan Agreement.

571808.1[July 25, 2017]          Advance Promissory Note - Page 4 of 5

(c)   THE WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

(d)   THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed and delivered to Lender in Fort Worth, Texas, on the date stated above.

INDEPENDENCE FUEL SYSTEMS LLC

By: _____
R. Kevin Russell,
Chief Executive Officer

571808.1 [July 25, 2017]

This Second Advance Note was prepared by:
HARRIS, FINLEY & BOGLE, P.C.
777 Main Street, Suite 1800
Fort Worth, Texas 76102-5341
(817) 870-8700

571808.1 [July 25, 2017]            Advance Promissory Note - Page 5 of 5