Origin Bank

RESTATED COLLATERAL ASSIGNMENT OF ROYALTY AGREEMENTS

This Restated Collateral Assignment of Royalty Agreements (this "Agreement") is executed effective on July 25, 2017, by INDEPENDENCE FUEL SYSTEMS LLC ("Borrower"), a Texas limited liability company, in favor of ORIGIN BANK ("Lender"), a Louisiana state banking association. This Agreement amends and restates the Collateral Assignment of Royalty Agreements dated July 26, 2016, executed by Borrower in favor of Lender.

Article I - Definitions

Section 1.01. As used herein, the following terms shall have the respective meanings assigned below:

(a) "**Advance Note**" means the Advance Promissory Note of even date, in the principal amount of $3,500,000.00, payable by Borrower to the order of Lender, and all renewals and extensions of that promissory note.

(b) "**Default**" means any Event of Default under the Loan Agreement.

(c) "**Leased Premises**" means the leasehold estate of Borrower with respect to the real property described on Exhibit A attached.

(d) "**Loan Agreement**" means the Loan Agreement dated July 26, 2016, between Borrower and Lender, as now or hereafter amended, restated, replaced, supplemented, or otherwise modified, from time to time.

(e) "**Obligations**" means the aggregate of the following:

(I) The Advance Note and the Second Advance Note; and

(II) All Secured Obligations (as defined in the Loan Agreement) and any and all other or additional indebtedness, obligations, or liabilities for which Borrower is now or may become liable to Lender under the Loan Agreement; and

(III) Any and all other or additional indebtedness or liabilities for which Borrower is now or may become liable to Lender in any manner (including without limitation overdrafts in a bank account), whether under this instrument or otherwise, either primarily or secondarily, absolutely or contingently, directly or indirectly, and whether matured or unmatured, regardless of how the indebtedness or liability may have been or may be acquired by Lender; and

513529.4 [July 25, 2017]      Collateral Assignment of Royalty Agreements - Page 1 of 7

(IV) Any and all extensions and renewals of or substitutes for any of the foregoing indebtedness, obligations, and liabilities or any part thereof.

(f) "**Royalty Agreements**" means the royalty agreements described in <u>Schedule 1</u> attached, as well as any other royalty agreements for the sale of compressed natural gas dispensing, or any products thereof, now or hereafter entered into by Borrower.

(g) "**Second Advance Note**" means the Advance Promissory Note dated July 25, 2017, in the principal amount of $1,500,000.00, payable by Borrower to the order of Lender, and all renewals and extensions of that promissory note.

(h) "**Security Documents**" means the "Security Documents" as defined in the Loan Agreement.

<u>Section 1.02</u>. Other terms may be defined in subsequent articles of this Agreement.

<u>Article II - Assignment</u>

<u>Section 2.01</u>. In consideration of the loans made to Borrower by Lender as evidenced by the Advance Note, and other valuable consideration, the receipt and sufficiency of which are acknowledged, Borrower does hereby COLLATERALLY ASSIGN the Royalty Agreements to Lender as security for the Obligations.

<u>Article III - Representations, Warranties, Covenants, and Agreements</u>

<u>Section 3.01</u>. Borrower represents and warrants as follows:

(a) Borrower has good title to the Royalty Agreements hereby assigned and the right to assign the same; and no other person or entity has any right, title, or interest therein.

(b) Borrower has punctually performed in all material respects, all and singular, the terms, covenants, conditions, and warranties required under the Royalty Agreements.

(c) Borrower has not previously sold, assigned, transferred, mortgaged, or pledged the Royalty Agreements, except for prior assignments that have been released and except for subleases entered into by Borrower.

<u>Section 3.02</u>. Borrower covenants and agrees as follows:

(a) Borrower will observe, perform, and discharge in all material respects all its obligations, covenants, and warranties under the Royalty Agreements; and Borrower will give prompt notice to Lender in the event Borrower fails to observe, perform, and discharge the same.



(b) Borrower will enforce or secure the performance in all material respects of each obligation, term, covenant, condition, and agreement to be performed by the buyers under the Royalty Agreements.

(c) Borrower will defend any action or proceeding arising under, occurring out of, or in any manner connected with the Royalty Agreements or the obligations, duties, or liabilities of Borrower and any buyers; and upon request by Lender, Borrower will do so in the name and on behalf of Lender but at the expense of Borrower.

(d) Borrower will not pledge, transfer, mortgage, or otherwise encumber or assign the Royalty Agreements other than pursuant to one or more subleases entered into in the ordinary course of business.

(e) Borrower will not waive, excuse, condone, discount, set off, compromise, or in any manner release or discharge any buyers in all material respects from any obligations, covenants, or conditions under the Royalty Agreements.

(f) Borrower will not cancel, terminate, or consent to any surrender any of the Royalty Agreements, or modify or alter the terms thereof in any material respect without, in each such instance, the prior written consent of Lender (which consent shall not be unreasonably withheld, conditioned or delayed).

(g) Borrower will execute and deliver to Lender such further assurances, assignments, and attornment agreements with respect to the Royalty Agreements as Lender may from time to time reasonably request.

Article IV - Default

Section 4.01. After Default, Lender, at its option, shall have the right, power, and authority to exercise and enforce any or all of the following rights and remedies (all such remedies being cumulative):

(a) Lender may exercise all of the rights and remedies provided for in the Loan Agreement, the Security Documents, or at law.

(b) Without regard to the adequacy of the security, with or without any action or proceeding, through any person or by any agent, the trustee under the Mortgage, or a receiver to be appointed by court, and irrespective of Borrower's possession, Lender may (i) enter upon, take possession of, manage, and operate the Leased Premises, or any part thereof; (ii) make, modify, enforce, cancel, or accept surrender of the Royalty Agreements; (iii) remove and evict Borrower; and (iv) otherwise do any act or incur any costs or expenses Lender deems proper, in its discretion, as fully and to the same extent Borrower could do. In such event, Lender may apply any funds collected to the Advance Note and Obligations and to costs of operation and management of the Leased Premises, but in such order as Lender deems proper, and including the maintenance, without interest thereon, of a reserve for future expenses.

513529.4 [July 25, 2017]     <u>Collateral Assignment of Royalty Agreements</u> - Page 3 of 7

Section 4.02. In the event that Lender shall enter upon or take possession of the Leased Premises pursuant to this Agreement or any of the Security Documents, Lender shall not be:

(a) liable for any act or omission of Borrower, or liable for the return of any security deposits unless received or recovered by Lender;

(b) subject to any offsets or defenses which any buyers might have against Borrower, or bound by any amendment or modification of the Royalty Agreements made without its consent;

(c) deemed or construed as a "mortgagee in possession" of the Leased Premises;

(d) obligated to attempt to sublease any part of the Leased Premises; or

(e) obligated to take any action, incur any expense, or perform or discharge any obligation, duty, or liability whatsoever under the Royalty Agreements or otherwise.

Article V - Other Agreements

Section 5.01. Borrower shall indemnify and hold harmless Lender from and against any and all liability, loss, cost, damage, or expense which Lender may incur under or by reason of this Agreement, or for any action taken hereunder, or in defense of any and all claims and demands whatsoever which may be asserted with respect to the Royalty Agreements, regardless of whether the claims or causes of action are founded in whole or in part upon the negligence (either act or omission) of Lender. In the event Lender incurs any such liability, loss, cost, damage, or expense, the amount thereof, together with all reasonable attorneys fees, shall be payable by Borrower to Lender immediately, without demand, and shall be a part of the Obligations. Notwithstanding any provisions hereof to the contrary, Borrower shall not indemnify Lender nor hold Lender harmless from any liability, loss, cost, damage or expense incurred by Lender that is attributable to the gross negligence or willful misconduct of Lender.

Section 5.02. The entry upon and taking possession of the Leased Premises shall not cure or waive any Default; waive, modify, or affect any notice of Default; or invalidate any act done pursuant to such notice. The enforcement of such right or remedy by Lender, once exercised, shall continue for so long as Lender shall elect, notwithstanding that Borrower may have cured for a time the original Default. If Lender shall thereafter elect to discontinue the exercise of any such right or remedy, the same or any other right or remedy may be reasserted at any time and from time to time following any later Default.

Section 5.03. This assignment shall remain in effect as long as any part of the indebtedness owing under the Advance Note or Obligations remains unpaid.

513529.4 [July 25, 2017]    <u>Collateral Assignment of Royalty Agreements</u> - Page 4 of 7

Section 5.04. This Agreement shall run with the land and shall inure to the benefit of and bind all parties hereto and their respective heirs, executors, administrators, successors, and assigns.

EXECUTED effective the date stated above.

BORROWER:

INDEPENDENCE FUEL SYSTEMS LLC

By: _____
R. Kevin Russell
Chief Executive Officer

Exhibits and Schedules:
Exhibit A - Leased Premises
Schedule 1 - Royalty Agreements

This Collateral Assignment of Royalty Agreements
was prepared by:
Paul D. Bradford
HARRIS, FINLEY & BOGLE, P.C.
777 Main Street, Suite 1800
Fort Worth, Texas 76102
(817) 870-8700

## Exhibit A

## Leased Premises

## Schedule 1

### Royalty Agreements

(a) Compressed Natural Gas Dispensing Royalty Agreement dated July 8, 2016, between Borrower and U.S. Venture, Inc., as amended (Laredo Property).

(b) Compressed Natural Gas Dispensing Royalty Agreement dated May 26, 2015, between Borrower and U.S. Venture, Inc., as amended by Amendment No. 1 to the Compressed Natural Gas Dispensing Royalty Agreement dated July 7, 2016 (Longview-Pittman (Eastman) Property).

(c) Compressed Natural Gas Dispensing Royalty Agreement dated May 26, 2015, between Borrower and U.S. Venture, Inc., as amended by the Amendment No. 1 to the Compressed Natural Gas Dispensing Royalty Agreement dated July 7, 2016 , as amended (Carthage Property).

(d) Compressed Natural Gas Dispensing Royalty Agreement dated May 26, 2015, between Borrower and U.S. Venture, Inc., as amended by the Amendment No. 1 to the Compressed Natural Gas Dispensing Royalty Agreement dated July 7, 2016, as amended (Centerville Property).

(e) Compressed Natural Gas Dispensing Royalty Agreement dated July 11, 2017, between Borrower and U.S. Venture, Inc., as amended (Dallas Property).