**Origin Bank**

## RESTATED COLLATERAL ASSIGNMENT OF LEASES

This Restated Collateral Assignment of Leases (this "Agreement") is executed effective on July 25, 2017, by INDEPENDENCE FUEL SYSTEMS LLC ("Borrower"), a Texas limited liability company, in favor of ORIGIN BANK ("Lender"), a Louisiana state banking association. This Agreement amends and restates the Collateral Assignment of Leases dated July 26, 2016, executed by Borrower in favor of Lender.

Article I - Definitions

Section 1.01. As used herein, the following terms shall have the respective meanings assigned below:

(a) "**Advance Note**" means the Advance Promissory Note dated July 26, 2016, in the principal amount of $3,500,000.00, payable by Borrower to the order of Lender, and all renewals and extensions of that promissory note.

(b) "**Default**" means any Event of Default under the Loan Agreement.

(c) "**Leased Premises**" means the leasehold estate of Borrower under the Real Estate Leases and all of that real property described on Exhibit A, attached.

(d) "**Loan Agreement**" means the Loan Agreement dated July 26, 2016, between Borrower and Lender, as now or hereafter amended, restated, replaced, supplemented, or otherwise modified, from time to time.

(e) "**Obligations**" means the aggregate of the following:

(I) The Advance Note and the Second Advance Note; and

(II) All Secured Obligations (as defined in the Loan Agreement) and any and all other or additional indebtedness, obligations, or liabilities for which Borrower is now or may become liable to Lender under the Loan Agreement; and

(III) Any and all other or additional indebtedness or liabilities for which Borrower is now or may become liable to Lender in any manner (including without limitation overdrafts in a bank account), whether under this instrument or otherwise, either primarily or secondarily, absolutely or contingently, directly or indirectly, and whether matured or unmatured, regardless of how the indebtedness or liability may have been or may be acquired by Lender; and

513517.5 [July 25, 2017]    Collateral Assignment of Leases - Page 1 of 7

Exhibit 6
Page 1 of 7

    (IV) Any and all extensions and renewals of or substitutes for any of the foregoing indebtedness, obligations, and liabilities or any part thereof.

  (f) "**Real Estate Leases**" means the lease and surface use agreements described in Schedule 1 attached, as now or hereafter amended, restated, replaced, supplemented, or otherwise modified, from time to time.

  (g) "**Second Advance Note**" means the Advance Promissory Note dated July 25, 2017, in the principal amount of $1,500,000.00, payable by Borrower to the order of Lender, and all renewals and extensions of that promissory note.

  (h) "**Security Documents**" means the "Security Documents" as defined in the Loan Agreement.

  Section 1.02. Other terms may be defined in subsequent articles of this Agreement.

Article II - Assignment

  Section 2.01. In consideration of the loans made to Borrower by Lender as evidenced by the Advance Note, and other valuable consideration, the receipt and sufficiency of which are acknowledged, Borrower does hereby COLLATERALLY ASSIGN the Real Estate Leases to Lender as security for the Obligations.

Article III - Representations, Warranties, Covenants, and Agreements

  Section 3.01. Borrower represents and warrants as follows:

  (a) Borrower has good title to the Real Estate Leases hereby assigned and the right to assign the same; and no other person or entity has any right, title, or interest therein.

  (b) Borrower has punctually performed in all material respects, all and singular, the terms, covenants, conditions, and warranties required under the Real Estate Leases.

  (c) Borrower has not previously sold, assigned, transferred, mortgaged, or pledged the Real Estate Leases, except for prior assignments that have been released and except for subleases entered into by Borrower.

  Section 3.02. Borrower covenants and agrees as follows:

  (a) Borrower will observe, perform, and discharge in all material respects all its obligations, covenants, and warranties under the Real Estate Leases; and Borrower will give prompt notice to Lender in the event Borrower fails to observe, perform, and discharge the same.

(b) Borrower will enforce or secure the performance in all material respects of each obligation, term, covenant, condition, and agreement to be performed by the buyers under the Real Estate Leases.

(c) Borrower will defend any action or proceeding arising under, occurring out of, or in any manner connected with the Real Estate Leases or the obligations, duties, or liabilities of Borrower and any buyers; and upon request by Lender, Borrower will do so in the name and on behalf of Lender but at the expense of Borrower.

(d) Borrower will not pledge, transfer, mortgage, or otherwise encumber or assign the Real Estate Leases other than pursuant to one or more subleases entered into in the ordinary course of business.

(e) Borrower will not waive, excuse, condone, discount, set off, compromise, or in any manner release or discharge any buyers in all material respects from any obligations, covenants, or conditions under the Real Estate Leases.

(f) Borrower will not cancel, terminate, or consent to any surrender any of the Real Estate Leases, or modify or alter the terms thereof in any material respect without, in each such instance, the prior written consent of Lender (which consent shall not be unreasonably withheld, conditioned or delayed).

(g) Borrower will execute and deliver to Lender such further assurances, assignments, and attornment agreements with respect to the Real Estate Leases as Lender may from time to time reasonably request.

## Article IV - Default

Section 4.01. After Default, Lender, at its option, shall have the right, power, and authority to exercise and enforce any or all of the following rights and remedies (all such remedies being cumulative):

(a) Lender may exercise all of the rights and remedies provided for in the Loan Agreement, the Security Documents, or at law.

(b) Without regard to the adequacy of the security, with or without any action or proceeding, through any person or by any agent, the trustee under the Mortgage, or a receiver to be appointed by court, and irrespective of Borrower's possession, Lender may (i) enter upon, take possession of, manage, and operate the Leased Premises, or any part thereof; (ii) make, modify, enforce, cancel, or accept surrender of the Real Estate Leases; (iii) remove and evict Borrower; (iv) operate the Leased Premises under the Real Estate Leases; and (v) otherwise do any act or incur any costs or expenses Lender deems proper, in its discretion, as fully and to the same extent Borrower could do. In such event, Lender may apply any funds collected to the Advance Note and Obligations and to costs of operation and management of the Leased

Premises, but in such order as Lender deems proper, and including the maintenance, without interest thereon, of a reserve for future expenses.

Section 4.02. In the event that Lender shall enter upon or take possession of the Leased Premises pursuant to this Agreement or any of the Security Documents, Lender shall not be:

(a) liable for any act or omission of Borrower, or liable for the return of any security deposits unless received or recovered by Lender;

(b) subject to any offsets or defenses which any buyers might have against Borrower, or bound by any amendment or modification of the Real Estate Leases made without its consent;

(c) deemed or construed as a "mortgagee in possession" of the Leased Premises;

(d) obligated to attempt to sublease any part of the Leased Premises; or

(e) obligated to take any action, incur any expense, or perform or discharge any obligation, duty, or liability whatsoever under the Real Estate Leases or otherwise.

Article V - Other Agreements

Section 5.01. Borrower shall indemnify and hold harmless Lender from and against any and all liability, loss, cost, damage, or expense which Lender may incur under or by reason of this Agreement, or for any action taken hereunder, or in defense of any and all claims and demands whatsoever which may be asserted with respect to the Real Estate Leases, regardless of whether the claims or causes of action are founded in whole or in part upon the negligence (either act or omission) of Lender. In the event Lender incurs any such liability, loss, cost, damage, or expense, the amount thereof, together with all reasonable attorneys fees, shall be payable by Borrower to Lender immediately, without demand, and shall be a part of the Obligations. Notwithstanding any provisions hereof to the contrary, Borrower shall not indemnify Lender nor hold Lender harmless from any liability, loss, cost, damage or expense incurred by Lender that is attributable to the gross negligence or willful misconduct of Lender.

Section 5.02. The entry upon and taking possession of the Leased Premises shall not cure or waive any Default; waive, modify, or affect any notice of Default; or invalidate any act done pursuant to such notice. The enforcement of such right or remedy by Lender, once exercised, shall continue for so long as Lender shall elect, notwithstanding that Borrower may have cured for a time the original Default. If Lender shall thereafter elect to discontinue the exercise of any such right or remedy, the same or any other right or remedy may be reasserted at any time and from time to time following any later Default.

Section 5.03. This assignment shall remain in effect as long as any part of the indebtedness owing under the Advance Note or Obligations remains unpaid.

Section 5.04. This Agreement shall run with the land and shall inure to the benefit of and bind all parties hereto and their respective heirs, executors, administrators, successors, and assigns.

EXECUTED effective the date stated above.

BORROWER:

INDEPENDENCE FUEL SYSTEMS LLC

By: _____
R. Kevin Russell,
Chief Executive Officer

Exhibits and Schedules:
Exhibit A - Leased Premises
Schedule 1 - Real Estate Leases

This Collateral Assignment of Leases
was prepared by:
Paul D. Bradford
HARRIS, FINLEY & BOGLE, P.C.
777 Main Street, Suite 1800
Fort Worth, Texas 76102
(817) 870-8700

## Exhibit A

## Leased Premises

## Schedule 1

## Real Estate Leases

(a) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated May 1, 2016, between Riata Minerals, Ltd. and Borrower, covering 2.75 acres situated in Laredo, Webb County, Texas ("Laredo Property").

(b) Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated June 21, 2012, between Borrower and Eastern Fuel LLC, covering the property located at 3302 S. Eastman Road, Longview, Gregg County, Texas and the Station Site now known as 131 Pittman Road, Longview, Gregg County, Texas ("Longview-Pittman (Eastman) Property"), as amended by the First Amendment to the Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated October 21, 2013, and the Second Amendment to the Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated effective July 1, 2015.

(c) Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated June 21, 2012, between Borrower and Eastern Fuel LLC, covering property situated at 1086 US Highway 59 S., Carthage, Panola County, Texas ("Carthage Property") (*also covers Henderson and Palestine properties that are not included with loan*), as amended by the First Amendment to the Compressed Natural Gas Vehicle Fueling Station and Compressed Natural Gas Sales Agreement dated effective July 1, 2015.

(d) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated December 1, 2013, between Christina S. Lacey and Borrower, covering 2 acres located at 350 W. Frontage Road, Centerville, Leon County, Texas ("Centerville Property").

(e) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated February 1, 2014, between Shoco Development LP and Borrower, covering property located at 998 Mobile Drive, Longview, Gregg County, Texas ("Longview-Mobile Property").

(f) Surface Lease Agreement for Compressed Natural Gas Vehicle Fueling Station dated June 19, 2017, covering property located at 8181 S. Lancaster Road, Dallas, Dallas County, Texas ("Dallas Property").